UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23276

SANDRA WALKER

        Plaintiff,

vs.

PHH MORTGAGE CORPORATION,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA WALKER (hereinafter "Plaintiff"), hereby files her Complaint against Defendant, PHH MORTGAGE CORPORATION (hereinafter "Defendant PHH"), and alleges:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant PHH's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant PHH's failure to comply with Section 2605(k) of RESPA and Sections 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant PHH was and is a foreign profit corporation with its principal place of business at 1 Mortgage Way, Mount Laurel, NJ 08054. Defendant PHH is duly licensed to transact business in the State of Florida[1] and lists its registered against as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. At all times material hereto, Defendant PHH is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiff's residential property, located at 17032 NW 49th Court, Miami, Florida 33055 (the "Subject Property").

10. At all times material hereto, Plaintiff, as success-in-interest to the decedent borrower, Janie Marshall, owned and continues to own the Subject Property, which is located in Miami-Dade County, Florida.

11. The Subject Property is a residential single-family home structure.

---

[1] *See*
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PHHMORTGAGE%20P094864&aggregateId=forp-p09486-786bd1de-f1ad-46d5-b25f-bd6da9d91fdf&searchTerm=PHH%20Mortgage&listNameOrder=PHHMORTGAGE%20P094864

12. At some point in time prior to the violations alleged herein, Defendant PHH was hired to service the subject loan.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant PHH as account number ******7786.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about November 8, 2006, Janie Marshall entered into a promissory note agreement with American Brokers Conduit (the "Note") for what she intended to be her primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage"). (The "Note" and the "Mortgage" are collectively referred to as the "Loan".)

15. On June 14, 2020, Janie Marshall died intestate and was survived by Plaintiff Sandra Walker, her lineal descendant.

16. On July 9, 2021, Plaintiff Sandra Walker, by order of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, became the successor-in-interest to Janie Marshall's interest in the Subject Property, and was further granted homestead status within the meaning of Section 4 of Article X of the Constitution of the State of Florida. *See* Order Determining Homestead Status of Real Property, attached as **Exhibit "A"**.

17. On May 25, 2022, a loss mitigation application (the "LMA") was submitted on behalf of Plaintiff to Defendant PHH at their designated e-mail notice address. *See* LMA Email Submissions attached hereto as **Exhibit "B"**.

18. On May 25, 2022, Defendant PHH acknowledged receipt of the LMA submission. *See* May 25, 2022 Email Acknowledgement attached hereto as **Exhibit "C"**.

19. On May 31, 2022, Defendant PHH issued a communication ("Additional Documents Letter") to Plaintiff advising that additional documents were needed to continue reviewing the LMA. *See* Additional Documents Letter dated May 31, 2022 attached hereto as **Exhibit "D"**.

20. Pursuant to the May 31, 2022 Additional Documents Letter, Defendant PHH requested from Plaintiff additional documentation identifying the amount and pay frequency of the income listed in the LMA.

21. On June 8, 2022, Plaintiff submitted the requested additional documents, as well as a letter further identifying the sources of income, their pay frequency, and updated bank statements. *See* Additional Documents Email Submission dated June 8, 2022 attached hereto as **Exhibit "E"**.

22. On June 8, 2022, Defendant PHH acknowledged receipt of the LMA submission. *See* June 8, 2022 Email Acknowledgement attached hereto as **Exhibit "F"**.

23. Despite Plaintiff having previously provided Defendant PHH the requested documents, on June 23, 2022 a foreclosure action was filed against the Plaintiff in Miami-Dade County, Florida, bearing Case No. 2022-011750-CA-01 (the "Foreclosure Action").

24. Having received Plaintiff's LMA and additional requested documents, Defendant PHH was then required to provide a written notice stating which loss mitigation options, if any, Defendant PHH would offer Plaintiff within thirty (30) days after the application was considered "facially complete". Defendant PHH failed to timely respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

25. Receiving no response from Defendant PHH regarding the status of Plaintiff's LMA, on July 11, 2022 Plaintiff sent Defendant PHH a Notice and Opportunity to Cure (the

"Reminder Notice") in advance of litigation. The Reminder Notice was received by Defendant PHH on July 15, 2022. *See* Reminder Notice attached hereto as **Exhibit "G".**

26. Plaintiff's Reminder Notice provided Defendant PHH an additional ten (10) days to comply with their obligations pursuant to 12 C.F.R. § 1024.41(c) and to cure their dual-tracking violation .

27. To date, Defendant PHH has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "facially complete application" stating which loss mitigation options, if any, will be offered to Plaintiff.

28. Plaintiff has retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

29. Plaintiff has been injured and suffered actual damages by virtue of Defendant PHH's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like her. The threshold of Defendant PHH's violations stem from its repeated failures to respond to the LMA submitted for Plaintiff and timely received before referral to foreclosure. Plaintiff's injuries result in-part from Defendant PHH's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff's procedural rights under RESPA were violated by not providing a response to the LMA despite additional notice of same via the Reminder Notice. Moreover, Plaintiff's procedural rights under RESPA were violated when Defendant PHH made the first filing for a judicial foreclosure action while the complete LMA was under review.

30. Plaintiff is entitled to actual damages as a result of Defendant PHH's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's Reminder Notice; (2) and photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant PHH's failure to adequately respond to Plaintiff's LMA, which includes the Reminder Notice.

31. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the fear of losing her property due to Defendant PHH's Foreclosure Action, worry, embarrassment, and anguish as a result of the ongoing failures of Defendant PHH to address Plaintiff's concerns relating to the Loan and her LMA.

32. Additionally, Plaintiff suffered actual damages in the form of attorney's fees and costs for having to retain foreclosure counsel due to Defendant PHH's filing the Foreclosure Action while Plaintiff's complete LMA was under review.

33. Defendant PHH has demonstrated a pattern or practice of noncompliance with Regulation X and RESPA with respect to the numerous loans it services, including but not limited to, the following loans:

   a. With respect to CFPB Consumer Complaint ID 1785376, the Defendant violated RESPA by failing to review the borrower for all loss mitigation options.

   b. With respect to CFPB Consumer Complaint ID 2596851, the Defendant violated RESPA by failing to provide an adequate written response to a loss mitigation application.

    c. With respect to CFPB Consumer Complaint ID 3237650, the Defendant violated RESPA by engaging in "dual-tracking" while a complete loss mitigation application was under review.

    d. With respect to CFPB Consumer Complaint ID 3220738, the Defendant violated RESPA by engaging in "dual-tracking" while a complete loss mitigation application was under review.

    e. With respect to CFPB Consumer Complaint ID 3207119, the Defendant violated RESPA by engaging in "dual-tracking" while a complete loss mitigation application was under review.

    f. With respect to CFPB Consumer Complaint ID 1300234, the Defendant violated RESPA by engaging in "dual-tracking" while a complete loss mitigation application was under review.

34. Plaintiff is entitled to statutory damages in an amount not greater than $2,000.00 pursuant to 12 U.S.C. § 2605(f), as a result of Defendant PHH's pattern or practice of noncompliance with Regulation X and RESPA.

35. Plaintiff is entitled the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above.

37. Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
    A servicer of a federally related mortgage shall not-
    …
**(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for

> purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> …
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

38. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg*. at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

39. The CFPB's authority to prescribe such regulations under Section 2605(k)(1) is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

40. Defendant PHH has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that Defendant PHH did not provide a written notice within five (5) business days of receipt of the Additional Documents Email Submission (Ex. E) acknowledging receipt of same and whether Defendant PHH determined said application to be complete or incomplete.

41. As such, Defendant PHH has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

42. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above.

44. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not-
>   …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

45. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

46. The CFPB's authority to prescribe such regulations under Section 2605(k)(1), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and

regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

47. Plaintiff's LMA was deemed facially complete as of June 8, 2022, upon Plaintiff's submission of the Additional Documents Email Submission (Ex. E).

48. Defendant PHH has failed to or refused to comply with 12 C.F.R. § 1024.41(c) in that no written notice was provided to the Plaintiff within thirty (30) days of receipt of a facially complete loss mitigation application stating which loss mitigation options, if any, would be offered.

49. As such, Defendant PHH has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

50. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## COUNT III – VIOLATION OF 12 U.S.C. § 2605(k)

51. Plaintiff reallege and incorporate by reference paragraphs 1 through 35 above.

52. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>    A servicer of a federally related mortgage shall not-
>       …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>       …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

53. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg*. at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

54. The CFPB's authority to prescribe such regulations under Section 2605(k)(1) is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

55. Defendant PHH has failed to or refused to comply with 12 C.F.R. § 1024.41(f)(2), in that Defendant PHH, having received a completely LMA on June 8, 2022, proceeded to initiate the Foreclosure Action on June 23, 2022.

56. As such, Defendant PHH has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

57. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff SANDRA WALKER respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant PHH be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c);

(b)   That Defendant PHH dismiss the Foreclosure Action;

(c)   For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d)   Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SANDRA WALKER hereby demands a trial by jury of all issues so triable.

Dated this 10th day of October 2022.

Respectfully Submitted,

                                             **JENKINS LORENZO, LLC**
*Co-Counsel for Plaintiff*
6501 Congress Avenue, Suite 100
Boca Raton, Florida 33487
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com

*/s/ Matthew D. Bavaro*
Matthew David Bavaro, Esq.
Florida Bar No. 175821
LOAN LAWYERS, LLC
3201 Griffin Road, Ste. 100
Fort Lauderdale, FL 33312
matthew@fight13.com
*Co-Counsel for Plaintiff*