UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23276-BLOOM/Otazo-Reyes

SANDRA WALKER,

    Plaintiff,

v.

PHH MORTGAGE CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant PHH Mortgage Corporation's ("PHH") Motion to Dismiss Plaintiff Sandra Walker's ("Walker") Amended Complaint, ECF No. [13] ("Motion"), filed on December 1, 2022. Walker filed a Response in Opposition, ECF No. [19], to which PHH filed a Reply, ECF No. [20]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On October 10, 2021, Walker initiated this action against PHH, asserting three violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k) ("RESPA"), and its implementing regulations under 12 C.F.R. § 1024 ("Regulation X"). *See* ECF No. [1]. On November 16, 2022, Walker submitted an Amended Complaint, ECF No. [11].

In the Amended Complaint, Walker alleges the following facts: On November 8, 2006, Janie Marshall, Walker's mother, entered into a promissory note agreement for her primary residence, secured it with a mortgage on the property, and received a federally related mortgage

loan. *Id.* ¶¶ 13-14. Janie Marshall subsequently passed away intestate, and Walker became the successor-in-interest to Janie Marshall's interest in the property by order of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* ¶ 16. Walker submitted a Loss Mitigation Application, ECF No. [11-2] ("LMA"), to PHH via e-mail, and PHH acknowledged receipt. *Id.* ¶¶ 17-18. Afterwards, PHH sent Walker a letter, ECF No. [11-4] ("Additional Documents Letter"), confirming that she was the loan's successor-in-interest, and requesting additional documents to review the LMA. ECF No. [11] ¶ 19. Walker responded to PHH's Additional Documents Letter via email and submitted the requested documents. *Id.* ¶ 21. PHH again confirmed receipt. *Id.* ¶ 22.

All communication from PHH ceased thereafter, and on June 23, 2022, Deutsche Bank, Walker's lender, filed a state foreclosure action against Walker in Miami-Dade County, Florida. *Id.* ¶ 23. Walker sent PHH a reminder notice, ECF No. [11-7] ("Reminder Notice") via certified mail, which PHH received, but PHH sent no response. *Id.* ¶ 25-26. Walker asserted PHH's alleged RESPA violations as her fourth affirmative defense in the foreclosure action to estop Deutsche Bank from foreclosing the property. ECF No. [13-2] at 4. In this action, she seeks money damages against PHH. ECF No. [11] at 12.

Walker asserts three counts in her Amended Complaint, alleging that PHH violated RESPA and Regulation X when PHH (1) failed to provide written notice of receipt of Walker's Additional Documents Email Submission within five business days, ECF No. [11] ¶ 41; (2) failed to provide written notice of receipt of Walker's facially complete Loss Mitigation Application within thirty days, *id.* ¶ 50; and (3) initiated a foreclosure action against Walker's residential property despite receiving the Loss Mitigation Application and without informing Walker whether she was eligible for any loss mitigation options. *Id.* ¶ 58.

PHH asks the Court to abstain from exercising jurisdiction under the *Colorado River* doctrine due to the pending state foreclosure action, and in the alternative, PHH seeks to dismiss the Amended Complaint because (1) Walker lacks statutory standing; (2) the Amended Complaint fails to state a claim that Walker is a confirmed successor-in-interest under RESPA or Regulation X; and (3) the Amended Complaint fails to state a claim for statutory damages under RESPA. *See generally* ECF No. [13].[1]

## II.    LEGAL STANDARD

### A.    Abstention

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, so the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation marks omitted). Nonetheless, pursuant to the *Colorado River* doctrine, courts "may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 817). "The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Colorado River*, 424 U.S. at 817). "[W]hile abstention as a general matter is rare, *Colorado River* abstention is particularly rare, permissible in fewer circumstances than are the other abstention doctrines." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013); *see also Noonan S., Inc. v. Cty. of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988) (cautioning that

---

[1] PHH additionally argues that Walker is not entitled to a jury trial. ECF No. [13] at 18. Walker concedes this point and agrees to strike the jury demand from the Amended Complaint. ECF No. [19] at 27.

"dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources").

"*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "To determine whether abstention is merited under *Colorado River*, a court must decide as a threshold matter whether there is a parallel state action—that is, 'one involving substantially the same parties and substantially the same issues.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Jackson-Platts*, 727 F.3d at 1140). The state and federal cases need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal*, 368 F.3d at 1329-30; *see also Sini*, 990 F. Supp. 2d at 1376; *O'Dell v. Doychak*, No. 606-cv-677, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) ("Parallel proceedings do not have to involve identical parties, issues and requests for relief."); *Hendricks v. Mortgage Elec. Registration Sys., Inc.*, No. 8:12-cv-2801, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013) ("[I]f the abstention doctrine required identical parties in a federal and state case, only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties." (citation omitted)).

Assuming that the threshold issue of parallel proceedings is met, the Eleventh Circuit instructs courts to weigh six factors "in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal*, 368 F.3d at 1331. "[N]o one factor is necessarily

determinative, . . . [and] the factors must be considered flexibly and pragmatically, not as a mechanical checklist." *Id*. at 1332 (quotation marks omitted).

### B. Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III. DISCUSSION

### A. Abstention

PHH first argues that the Court should abstain and dismiss this case under the *Colorado River* doctrine. *See* ECF No. [13] at 7-10. Walker argues that the *Colorado River* doctrine does not apply because, as a threshold matter, the parties and issues in the state foreclosure action and in this case are not substantially the same. *See* ECF No. [19] at 3-6.

Before analyzing the *Colorado River* factors, the Court must decide as a threshold matter whether there is a parallel state action. *Sini*, 990 F. Supp. 2d at 1376. To that end, the parties and issues between the state and Federal cases need not be identical, but merely "substantially the same." *See Ambrosia Coal*, 368 F.3d at 1330. Accordingly, the appropriate inquiry is whether the two cases are sufficiently similar that the state court action will be adequate to completely and promptly resolve the issues between the parties. *Moses H. Cone*, 460 U.S. at 28 ("If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all."); *Brown v. Blue Cross and Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *8 (S.D. Fla. Aug. 8, 2011). The parties in the foreclosure action include Deutsche Bank National Trust Company as the plaintiff, against defendants Sandra Walker, Sandra Walker's unknown spouse, and others. ECF No. [13-1] at 2. The parties in this action are limited to Plaintiff Sandra Walker and Defendant PHH Mortgage Corporation. ECF No. [11] at 1.

PHH argues, without citation to authority, that its status as attorney-in-fact for Deutsche Bank in the foreclosure action qualifies it as substantially the same party as Deutsche Bank for the purposes of the *Colorado River* parallel action threshold. ECF No. [20] at 2-3. On the other hand, Walker relies on *Acosta v. James A. Gustino, P.A.*, 478 Fed. App'x 620 (11th Cir. 2012), to support her argument that PHH is not substantially the same party as Deutsche Bank. ECF No. [19] at 5.

In *Acosta*, the Eleventh Circuit found that a defendant law firm was not substantially the same party as its client under *Colorado River* merely because the law firm acted as the client's agent. *See* 478 Fed. App'x at 622 (cautioning that a "rule of substantial similarity based on agency could capture a variety of different entities and individuals and label them as 'substantially similar parties.'"). While the Eleventh Circuit's warning against an overbroad rule of agency-based substantial similarity is pertinent, *Acosta* was addressing a Federal Fair Debt Collection Practices Act ("FDCPA") claim, which is subject to an independent analysis from the instant RESPA claim,

6

as Congress's intent can vary between different statutes. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 488 (11th Cir. 2015) ("[W]e must give effect to the text Congress enacted." (emphasis and quotation marks omitted)).

Neither party, however, addresses the Eleventh Circuit's instruction that "RESPA imposes certain duties on loan 'servicers' for the purpose of protecting consumers," so a viable RESPA claim must include factual allegations that the defendant is a loan "servicer." *Thomas v. US Bank Nat'l Ass'n*, 675 Fed. App'x 892, 899 (11th Cir. 2017); *Walker v. Branch Banking & Tr. Co.*, 237 F. Supp. 3d 1326, 1331 (S.D. Fla. 2017). Walker's argument that she seeks different relief in the two actions touches on that issue, and Walker's claim of money damages against her loan servicer PHH shows that the two cases are not sufficiently similar such that the state court action will be adequate to completely resolve the issue between the parties. ECF No. [6].

While the state foreclosure action will be adequate to resolve Walker's affirmative defense (whether to estop Deutsche Bank from foreclosing Walker's property), it will be inadequate for Walker to recover money damages under RESPA § 2605(f). Walker cannot seek money damages against Deutsche Bank because the bank is not vicariously liable for its loan servicer's alleged RESPA violations. *See Christiana Tr. v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) ("by its plain terms [Regulation X] . . . imposes duties only on servicers."); *see also* 12 C.F.R. § 1024.41(c)(1) ("[W]ithin 30 days of receiving the complete loss mitigation application, a *servicer* shall . . .').") (emphasis added); *Bennet v. Nationstar Mortg., LLC*, No. CV 15-00165-KD-C, 2015 WL 5294321, at *10-11 (S.D. Ala. Sept. 8, 2015) (holding that "the provisions of RESPA and Regulation X specify exactly which type of actor (a servicer) is burdened by those provisions." (clarification added)); *Hawk v. Carrington Mortgage Services, LLC*, 3:14-CV-1044, 2016 WL 4433665, at *2 (M.D. Pa. Aug. 17, 2016) ("courts have rejected efforts to expand RESPA liability

under § 2605 beyond the limits expressly set by statute, which only governs loan *servicers*.") (emphasis added).

It is true that one federal district court has held that RESPA imposes vicarious liability on a lender for the actions of its loan servicers. *Rouleau v. US Bank, N.A.*, 14-CV-568-JL, 2015 WL 1757104, at *6-7 (D.N.H. Apr. 17, 2015). The *Rouleau* court held that RESPA creates "a species of tort liability," and that statutorily-created torts incorporate ordinary vicarious liability rules unless Congress expresses a contrary intent. *Id*. However, as the Fifth Circuit explained while analyzing *Rouleau*, "Congress *did* express an intent contrary to the incorporation of traditional vicarious liability rules" when it imposed RESPA's duties only on servicers, making it impossible for non-servicers to fail to comply with, and be liable for, a duty that does not apply to them. *Christiana*, 911 F.3d at 806 (emphasis in original). "As the Supreme Court has instructed time and again,' courts presume Congress 'says in a statute what it means and means in a statute what it says there.'" *Wiersum*, 785 F.3d at 488 (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

Thus, because Walker cannot seek money damages against Deutsche Bank in the foreclosure action wherein the loan servicer PHH is not a party, the Court finds that the parties are not substantially the same for the purposes of the *Colorado River* abstention doctrine. Because the parallel state action threshold is not met, there is no need to address the additional *Colorado River* factors, and the Court accordingly declines to abstain.

**B.     Motion to Dismiss**

The Court now turns to PHH's arguments that Walker lacks statutory standing to bring a claim under RESPA, has not plausibly alleged that she is a confirmed successor-in-interest under RESPA or Regulation X, and has not plausibly alleged entitlement to statutory damages.

**(1) Statutory Standing and Confirmed Successor-in-Interest Status**

PHH argues that Walker may not bring a RESPA claim because she is not a "borrower" or a confirmed successor-in-interest under RESPA or Regulation X. ECF No. [13] at 13. PHH also argues that Walker is not a confirmed successor-in-interest because she only received a one-third interest in the property by court order, and she then acquired the remaining interest from her siblings via quitclaim deed on October 15, 2021. *Id.* at 14-15. Thus, PHH concludes that a litigant who acquires ownership of the property by way of a quitclaim deed does not meet Regulation X's definition of a confirmed successor-in-interest and cannot bring claims under RESPA or Regulation X. ECF No. [20] at 9. Walker responds that a 2018 amendment to Regulation X includes "confirmed successors-in-interest" within the meaning of "borrower" for the purposes of Regulation X, §§ 1204.30-1204.41 ("Subpart C"). ECF No. [19] at 16. Therefore, Walker concludes that she has standing to bring claims under RESPA because the protections afforded by Regulation X, Subpart C, extend to confirmed successors-in-interest. *Id.* at 18.

PHH relies on *Correa v. BAC Home Loans Servicing LP*, 853 F. Supp. 2d 1203 (M.D. Fla. 2012), and *Spraggins v. Caliber Home Loans, Inc.*, 3:20-CV-01906-S-BT, 2020 WL 8366645 (N.D. Tex. Dec. 31, 2020), for the oft-stated proposition that "RESPA claims are limited to borrowers," and "only individuals who execute the promissory note are 'borrowers' with standing to bring a RESPA claim." *Spraggins*, 2020 WL 8366645, at *6. On the other hand, Walker relies on *Faria v. Citizens Bank*, 569 F. Supp. 3d 92 (D.R.I. 2021), which found that, under the 2018 amendment to Regulation X, "confirmed successors in interest, having the status of borrowers, may assert a cause of action for RESPA violations." *Id.* at 97-98.

Indeed, the relevant portion of the 2018 amendment to Regulation X states that "A confirmed successor in interest shall be considered a borrower for purposes of § 1024.17 and *this subpart*." 12 CFR § 1024.30(d) (emphasis added). "[T]his subpart" refers to Subpart C of

9

Regulation X, which includes the loss mitigation procedure rules found in § 1024.41, which Walker alleges PHH violated. PHH argues that Congress has not amended RESPA § 2605(f) to reflect the new "borrower" definition found in Regulation X, so RESPA's private right of action remains limited to those who execute a promissory note. ECF No. [20] at 7. However, Congress expressly gave the Bureau of Consumer Financial Protection the power to "establish any requirements necessary to carry out this section." 12 U.S.C. § 2605(j)(3). Congress's use of the broad term "any" indicates that Congress vested the Bureau with the power to prescribe the requirements for who qualifies as a "borrower." *Wiersum*, 785 F.3d at 488 ("Courts presume Congress 'says in a statute what it means and means in a statute what it says there.'").

The Bureau explained its rationale for including confirmed successors-in-interest within the definition of "borrower" for the purposes of Regulation X, Subpart C:

> Successors in interest are a particularly vulnerable group of consumers, who often must make complex financial decisions with limited information during a period of extreme emotional stress. Successors in interest may be more likely than other homeowners to experience a disruption in household income and therefore may be more likely than other homeowners to need loss mitigation to avoid foreclosure. The Bureau therefore concludes that requiring servicers to evaluate a complete loss mitigation application received from a confirmed successor in interest under § 1024.41's procedures serves RESPA's consumer protection purposes.

*Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z)*, 81 FR 72160-01, 72177 (Oct. 19, 2016).

The Bureau's purpose in amending Regulation X to *require* loan servicers to evaluate loss mitigation applications from confirmed successors-in-interest would be frustrated if those confirmed successors-in-interest could not bring claims under RESPA to enforce the regulations set out by the Bureau to implement the Act. Thus, confirmed successors-in-interest, having the

10

status of borrowers, may assert a cause of action for RESPA violations. *Faria*, 569 F. Supp. 3d at 98.

Under Regulation X, a successor-in-interest includes "a person to whom an ownership interest in a property securing a mortgage loan subject to this subpart is transferred from a borrower, provided that the transfer is . . . by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety." 12 CFR § 1024.31. Here, Walker has alleged that she received an ownership interest in the property securing a mortgage loan on July 9, 2021, which was transferred to her by descent from her mother, the borrower, after her mother died intestate on June 14, 2020. ECF No. [11] ¶¶ 14-16; ECF No. [11-1] at 2-3. Therefore, Walker has plausibly alleged that she became a successor-in-interest under Regulation X.

Regulation X further defines a "confirmed successor-in-interest" as "a successor in interest once a servicer has confirmed the successor in interest's identity and ownership interest in a property that secures a mortgage loan subject to this subpart." 12 CFR § 1024.31. In her Amended Complaint, Walker attached a copy of a written communication from loan servicer PHH listing Walker as the borrower, identifying the relevant property, and stating "Dear Sandra Walker: We have confirmed that you are a successor-in-interest for the above referenced account." ECF No. [11-4] at 2. Because "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), that is a sufficient allegation that Walker is a confirmed successor-in-interest under Regulation X.

Lastly, PHH relies on *Nelson v. Nationstar Mortgage LLC*, No. 16-cv-00307, 2017 WL 1167230, at *1 (E.D.N.C. Mar. 28, 2017) and *In re Pugh*, 2019 WL 4180281, No. 19-cv-20696, at *4 (Bankr. E.D. Wis. Sept. 3, 2019) to argue that Walker cannot be a successor-in-interest because she received a fractional ownership interest in the property by court order, and because she acquired the remaining interests via a quitclaim deed. ECF No. [13] at 14-15; *see* ECF No.

11

[11-1] at 2 (court order transferring title to the property in equal shares to Sandra Walker, Randall L. Walker, and Reginald Walker); ECF No. [13-3] at 2 (quitclaim deed transferring Randall L. Walker's and Reginald Walker's interests in the property to Sandra Walker in fee simple absolute).

Walker is correct that *Nelson* is distinguishable from the current action because it was decided in 2017, which was prior to the 2018 amendment to Regulation X that expanded the definition of "borrower" to include confirmed successors-in-interest, and repeated the general rule at the time that only signatories to a promissory note, or those who had legally assumed the loan obligation, were borrowers. *See Nelson*, 2017 WL 1167230, at *3. Furthermore, *Nelson* does not support PHH's proposition that a fractional interest in property does not satisfy Regulation X's definition of a successor-in-interest. The *Nelson* court's decision to dismiss the plaintiff's case was not based on the plaintiff having a fractional interest in her property, but rather only on the fact that she did not sign the promissory note. *Id.* ("Because plaintiff did not sign the promissory note and has not assumed the loan, she is not a borrower under RESPA. Accordingly, plaintiff lacks standing to assert a RESPA claim, and this claim must be dismissed.").

Regardless, Regulation X defines a successor-in-interest as "a person to whom *an ownership interest* in a property . . . is transferred from a borrower[.]" 12 CFR § 1024.31 (emphasis added). The regulation's plain language does not establish a requirement that the interest be complete, nor does it place limits on fractional interests. Accordingly, PHH's argument that a fractional interest in property does not satisfy Regulation X's definition of a successor-in-interest has no merit. "[W]here the language of the statute is unambiguous, we need look no further and our inquiry ends." *Ga. State Conference of the NAACP v. City of LaGrange, Ga.*, 940 F.3d 627, 631 (11th Cir. 2019) (quoting *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999)).

By the same rationale, PHH's argument that Walker cannot be a successor-in-interest because she acquired part of her interest via quitclaim deed also lacks merit. PHH correctly states

that "a litigant that acquires ownership of the property by way of a quit claim deed does not meet Regulation X's definition of confirmed successor-in-interest," ECF No. [13] at 15, but only to the extent that the *entirety* of the ownership interest derives from the quitclaim deed. *See In re Pugh*, 2019 WL 4180281, at *4 ("Pugh's primary argument is flawed, because it equates his interest in the property obtained via quitclaim from an heir of the borrower, with the interest of an heir or survivor succession (testation). They are not the same."). Here, Walker is her mother's heir, and she received an ownership interest in the property by descent after her mother died, which satisfies Regulation X's definition of a successor-in-interest. ECF No. [11] ¶¶ 14-16. The fact that Walker acquired an additional interest in the property via quitclaim deed is irrelevant, as her status as a successor-in-interest already existed prior to the deed.

Thus, the Court finds that Walker has plausibly alleged that she is a confirmed successor-in-interest to her mother's interest in the property. Furthermore, under the 2018 amendment to Regulation X she is considered a "borrower" for the purposes of Regulation X, Subpart C, and has standing to bring claims under RESPA to enforce her rights under Subpart C.

### (2) Statutory Damages

Finally, the Court turns to PHH's argument that Walker has not plausibly alleged entitlement to statutory damages under RESPA. ECF No. [13] at 15. "Statutory damages up to $2000 are available to a plaintiff who demonstrates 'a pattern or practice of noncompliance.' *See* 12 U.S.C. § 2605(f)(1)(B)." *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1193 (S.D. Fla. 2015), *aff'd*, 839 F.3d 1003 (11th Cir. 2016). "Pattern or practice," interpreted "in accordance with the usual meaning of the words . . . suggests a standard or routine way of operating." *Id.* (quoting *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)). "The Eleventh Circuit has held that statutory damages may be sufficiently plead where, in addition to the alleged RESPA violation at bar, the complaint alleges unrelated RESPA violations." *Walker v.*

13

*Branch Banking & Tr. Co.*, 237 F. Supp. 3d 1326, 1335 (S.D. Fla. 2017) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016)).

In the Amended Complaint, Walker cites to six separate "Consumer Complaints" with accompanying ID numbers in which PHH allegedly violated RESPA by "failing to review a borrower for all loss mitigation options," "failing to provide an adequate written response to a loss mitigation application," and "engaging in 'dual-tracking' while a complete loss mitigation application was under review." ECF No. [11] ¶ 33. Because the motion-to-dismiss standard set out in *Twombly* and *Iqbal* only requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face . . . [d]isclosing the identities of other borrowers, the dates of the letters, and the specifics of their inquiries is not a prerequisite to pleading statutory damages." *Renfroe*, 822 F.3d at 1247 (internal citations omitted).

Furthermore, "though there is no magic number of violations that create a 'pattern or practice of noncompliance,' courts have held that two violations of RESPA are insufficient, but allegations of five RESPA violations have been deemed adequate." *Branch Banking*, 237 F. Supp. 3d at 1335 (quoting *Renfroe*, 822 F.3d at 1247) (internal quotation marks omitted). Here, Walker cites to six alleged violations by PHH, and alleges the specific factual basis for each violation. ECF No. [11] ¶ 33. That is sufficient to plausibly demonstrate a "pattern or practice" of noncompliance with RESPA, and the Court accordingly finds that Walker has sufficiently pleaded entitlement to statutory damages. "Whether the additional Consumer Complaints alleged actually establish a claim for statutory damages in this case is a question of fact for another day." *Branch Banking*, 237 F. Supp. 3d at 1335.

Case No. 22-cv-23276-BLOOM

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [13]**, is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The Court **DECLINES** to abstain under the *Colorado River* doctrine.
2. The Demand for Jury Trial within the Amended Complaint, ECF No. [11] at 13, is **STRICKEN**.
3. Defendant's Motion is otherwise **DENIED**.
4. Defendant shall file its Answer to the Amended Complaint **no later than February 13, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 3, 2023.

*[signature]*

BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc:   counsel of record